EDWARDS, Judge.
Plaintiff, Michael Aloise, Jr., instituted this action seeking recovery for injuries which he allegedly suffered as a result of a vehicular collision. Named as defendants were the driver of the other vehicle, Ray Lee Jones, Sr.; Jones’ employer, Dresser Industries, Inc.; and the employer’s insurer, The Continental Insurance Company. Jones died prior to trial and no substitution of parties was made.
After trial before a jury, judgment was rendered in accordance with the verdict in favor of defendants, dismissing plaintiff’s suit at his cost. Plaintiff moved for a new trial, asserting that the trial court erred in admitting the testimony of an expert witness and that the jury’s verdict was contrary to the law and the evidence. The motion was denied and plaintiff perfected this appeal based upon the same arguments urged in his motion for new trial.
EXPERT TESTIMONY
The record reveals that plaintiff and defendants propounded interrogatories to one another. In their interrogatories both sides requested to be informed of the identities of all expert witnesses to be called by the other side. Neither side answered the other’s interrogatories but no motions to compel discovery were filed. See LSA-C. C.P. Art. 1469.
*478 Following a pre-trial conference, the parties entered into a pre-trial order which listed the witnesses they anticipated calling to testify at trial. The pre-trial order authorized the addition of other witnesses if reported to opposing counsel not less than ten days prior to trial. Rebuttal witnesses were specifically excluded from the ten day notice requirement.
Trial began on October 30, 1980. More than ten days prior to trial, on October 16, defendants filed a supplemental designation of documents and witnesses. This designation listed Dr. William H. Tonn, of Houston, Texas, as an expert witness in the field of accident reconstruction.
On October 20, 1980, plaintiff filed a motion to strike this supplemental designation and a motion in limine to determine the admissibility of Dr. Tonn’s testimony. Plaintiff requested that a hearing be held on these motions prior to trial, but no such hearing was ever held. No mention of these motions was made at trial and the testimony of Dr. Tonn was received without objection.
Plaintiff now contends on appeal that Dr. Tonn’s testimony was erroneously admitted because he was not listed as a witness in response to interrogatories or in the pre-trial order. Pleading surprise and prejudice, plaintiff submits that the notice given by defendants that Dr. Tonn would testify (although admittedly made in compliance with the pre-trial order) was so late as to prevent him from deposing the doctor and preparing a rebuttal to his testimony. Plaintiff further argues that he was prevented from producing a witness to counter the testimony of Dr. Tonn because he was unable to give notice thereof at least ten days before trial, as required by the pre-trial order.
We note that plaintiff did not file a motion to compel discovery in order to secure answers to his interrogatories. See LSA-C. C.P. Art. 1469. He did not move for a continuance of the trial in order to obtain more time within which to depose Dr. Tonn and prepare a rebuttal to his testimony. Nor did plaintiff insist upon a hearing and ruling on his motions prior to trial or even object to the testimony of Dr. Tonn at trial. Finally, we also note that the ten day notice requirement in the pre-trial order did not prevent plaintiff from presenting a rebuttal witness, since such witnesses were specifically exempted from that requirement.
Under these circumstances, we find that plaintiff may not now complain on appeal of the admission of Dr. Tonn’s testimony at trial.
JURY’S VERDICT
Plaintiff submits that the jury’s verdict was contrary to the law and the evidence. The jury’s verdict, in the form of an answer to a special interrogatory, was that Jones, the driver of the Dresser Industries truck, was not guilty of negligence which was a proximate cause of the accident.
We have thoroughly reviewed the record. The jury’s conclusions are not clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973). Moreover, on the basis of these factual conclusions, there is no error of law in the jury’s verdict.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by plaintiff-appellant.
AFFIRMED.